UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GARY ALLAN COOKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12CV118 HEA |
| | ) | |
| RHONDA. GLASIER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on review of plaintiff's amended complaint under 28 U.S.C. § 1915(e). Upon review, the Court finds that the amended complaint fails to state a claim upon which relief can be granted. As a result, the Court now dismisses this action without further proceedings.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is compelled to dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987),

*aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff is a prisoner at St. Francois County Jail (the "Jail"). Defendants are officials at the Jail. Plaintiff alleged in his original complaint that he has not been given sufficient food, that he was assaulted, and that he was denied medical care. The Court found that the complaint failed to state a claim because the claims were conclusory and plaintiff had failed to demonstrate that the named defendants were involved in the alleged violations of his rights. Additionally, the complaint contained official capacity claims only, and plaintiff did not allege that a municipal policy caused an actionable injury. Rather than dismiss the case, the Court gave plaintiff an opportunity to file an amended complaint. In an Order dated April 9, 2012, the Court cautioned plaintiff that "[t]he amended complaint must include **all of plaintiff's claims for relief. Any claim not included in the amended complaint will be deemed abandoned**." (Emphasis in original).

In the amended complaint, plaintiff alleges that the "food cooks" do not put enough food on his tray during meals. Plaintiff claims that defendant Terry Goodson maced him and beat him with a night stick. Plaintiff says that he was denied due

process in a 1991 criminal trial. And plaintiff asserts that he has not been given the correct eyeglass prescription since 2009.

The complaint is silent as to whether defendants are being sued in their official or individual capacities. As the Court explained in its previous Order, where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th

Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or directly responsible for the incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that any of the defendants, besides Goodson, were directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted for this reason as well.

For these reasons, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice.

**IT IS HEREBY ORDERED** that all pending motions are **DENIED** as moot.

An Order of Dismissal will be filed with this Memorandum and Order.

Dated this 26th day of April, 2012.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE